**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN - AMENDED**
**AND RELATED MOTIONS**

Name of Debtor(s):    **Turand D Paige**
**Mia S Paige**                                                    Case No:  **11-37780**

This plan, dated  **July 28, 2012**  , is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ■ a modified Plan, which replaces the
  ■ confirmed or ☐ unconfirmed Plan dated **3/12/2012**.

  Date and Time of Modified Plan Confirming Hearing:
  **September 12, 2012 at 11:10 A.M.**
  Place of Modified Plan Confirmation Hearing:
  **701 E. Broad St., Rm 5100, Richmond, VA 23219**

  The Plan provisions modified by this filing are:
  **Debtor suspending payments for 3 months. Plan length increased by 1 month and payout remains at 7%.**

  Creditors affected by this modification are:
  **All**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$7,744.70**
Total Non-Priority Unsecured Debt: **$60,909.21**
Total Priority Debt: **$0.00**
Total Secured Debt: **$6,081.81**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$232.00 Monthly for 7 months, then $1.00 Monthly for 3 months, then $325.00 Monthly for 44 months**. Other payments to the Trustee are as follows: __NONE__ . The total amount to be paid into the plan is $ __15,927.00__ .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $ __2,951.00__ balance due of the total fee of $ __3,000.00__ concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B. **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                                       Best Case Bankruptcy

    C.    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Michael Wayne Investments** | **2001 Chevrolet Impala** | **25.00** | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

    D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Michael Wayne Investments** | **2001 Chevrolet Impala** | **6,081.81** | **5.25%** | **Prorata<br>24 months** |

    E.    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims.**

    A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __**7**__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __**0**__ %.

    B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

**5.** **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

- **A.** **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

- **B.** **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

- **C.** **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **-NONE-** | | | | |

**6.** **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

- **A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

- **B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

Page 4 of 6

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

**Signatures:**

Dated:  **July 28, 2012**

| | |
|---|---|
| **/s/ Turand D Paige** | **/s/ Robert B. Duke Jr. For the Debt Law Group, PLLC** |
| **Turand D Paige**<br>**Debtor** | **Robert B. Duke Jr. For the Debt Law Group, PLLC 740**<br>**Debtor's Attorney** |
| **/s/ Mia S Paige**<br>**Mia S Paige**<br>**Joint Debtor** | |

**Exhibits:**   Copy of Debtor(s)' Budget (Schedules I and J);
                Matrix of Parties Served with Plan

Certificate of Service

   I certify that on   **July 28, 2012**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Robert B. Duke Jr. For the Debt Law Group, PLLC**
**Robert B. Duke Jr. For the Debt Law Group, PLLC 740**
Signature

**1928 Arlington Blvd., Suite 112**
**Charlottesville, VA 22903**
Address

**434-227-8091**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

B6I (Official Form 6I) (12/07)

In re **Turand D Paige / Mia S Paige**, Debtor(s)     Case No. **11-37780**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): Daughter | AGE(S): 2 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | Records Coordinator |
| Name of Employer | Unemployed | University of Richmond |
| How long employed | | |
| Address of Employer | | Advancement Data Systems, Richmond Hall, University of Richmond, VA 23173 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 2,549.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 2,549.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 0.00 | $ 215.00 |
|    b. Insurance | $ 0.00 | $ 335.00 |
|    c. Union dues | $ 0.00 | $ 0.00 |
|    d. Other (Specify) **See Detailed Income Attachment** | $ 1.00 | $ 332.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1.00 | $ 882.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ -1.00 | $ 1,667.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): **Prorated Tax Refund** | $ 342.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 342.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 341.00 | $ 1,667.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 2,008.00 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor husband seeking full-time employment.**

**B6I (Official Form 6I) (12/07)**

In re **Turand D Paige / Mia S Paige**, Debtor(s)  Case No. **11-37780**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| **Dental** | $ 0.00 | $ 55.00 |
| **Dep Care FSA** | $ 0.00 | $ 18.00 |
| **401k** | $ 0.00 | $ 124.00 |
| **Med FSA** | $ 0.00 | $ 36.00 |
| **STD** | $ 0.00 | $ 40.00 |
| **Legal Resources** | $ 0.00 | $ 20.00 |
| **Spider Card** | $ 0.00 | $ 26.00 |
| **Child Life Insurance** | $ 0.00 | $ 1.00 |
| **Spouse Life Insurance** | $ 0.00 | $ 3.00 |
| **Life Insurance** | $ 0.00 | $ 9.00 |
| **ADD** | $ 1.00 | $ 0.00 |
| **Total Other Payroll Deductions** | $ 1.00 | $ 332.00 |

**B6J (Official Form 6J) (12/07)**

In re  **Turand D Paige**
      **Mia S Paige**                                                           Case No. **11-37780**
                                         Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ **650.00** |
| a. Are real estate taxes included? | Yes ___  No **X** | |
| b. Is property insurance included? | Yes ___  No **X** | |
| 2. Utilities: a. Electricity and heating fuel | | $ **225.00** |
| b. Water and sewer | | $ **50.00** |
| c. Telephone | | $ **60.00** |
| d. Other **See Detailed Expense Attachment** | | $ **215.00** |
| 3. Home maintenance (repairs and upkeep) | | $ **20.00** |
| 4. Food | | $ **750.00** |
| 5. Clothing | | $ **100.00** |
| 6. Laundry and dry cleaning | | $ **50.00** |
| 7. Medical and dental expenses | | $ **100.00** |
| 8. Transportation (not including car payments) | | $ **400.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ **100.00** |
| 10. Charitable contributions | | $ **50.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ **0.00** |
| b. Life | | $ **0.00** |
| c. Health | | $ **0.00** |
| d. Auto | | $ **163.00** |
| e. Other | | $ **0.00** |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) **Personal Property Tax** | | $ **25.00** |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ **0.00** |
| b. Other | | $ **0.00** |
| c. Other | | $ **0.00** |
| 14. Alimony, maintenance, and support paid to others | | $ **0.00** |
| 15. Payments for support of additional dependents not living at your home | | $ **0.00** |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ **0.00** |
| 17. Other **See Detailed Expense Attachment** | | $ **745.00** |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **3,703.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ **2,008.00** |
| b. | Average monthly expenses from Line 18 above | $ **3,703.00** |
| c. | Monthly net income (a. minus b.) | $ **-1,695.00** |

**B6J (Official Form 6J) (12/07)**

In re  **Turand D Paige**
       **Mia S Paige**                                        Case No. **11-37780**
                                  Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| cable | $ 75.00 |
| internet/phone | $ 140.00 |
| **Total Other Utility Expenditures** | $ **215.00** |

**Other Expenditures:**

| | |
|---|---:|
| daycare | $ 600.00 |
| emergency funds | $ 100.00 |
| Personal hygiene | $ 45.00 |
| **Total Other Expenditures** | $ **745.00** |

```
Advance America
9070 W Broad Street
Henrico, VA 23294


Advanced Patient Advocacy
1025 Boulders Parkway
Suite 400
Richmond, VA 23225


Advanced Recovery Syst
901 E 8th Ave
King Of Prussia, PA 19406


Allianceone
4850 E Street Rd
Trevose, PA 19053


American Infosource Lp
PO Box 248848
Oklahoma City, OK 73124


Business Revenue Systems
PO Box 13077
Des Moines, IA 50310-0077


Capital One, N.a.
Capital One Bank (USA) N.A.
Po Box 30285
Salt Lake City, UT 84130


Cash 2 U
6220 Hull Street Road
Richmond, VA 23224


Central Portfolio Control
6640 Shady Oak Rd #300
Eden Prairie, MN 55344-7710


Charlottesville Bureau
Pob 6220
Charlottesvill, VA 22911
```

Chela/Sallie Mae
Attn: Claims Department
Po Box 9500
Wilkes-Barre, PA 18773


Citibank Stu
Attn: Bankruptcy
Po Box 6191
Sioux Falls, SD 57117


Comcast
5401 Staples Mill Road
Henrico, VA 23228-5421


Credit Adjustment Board
306 East Grace St
Richmond, VA 23219


Credit Collection Services
Two Wells Ave
Newton Center, MA 02459


Dominion Virginia Power
PO Box 26543
Richmond, VA 23290-0001


Eastern Account System
Po Box 837
Newtown, CT 06470


First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104


Focused Recovery Solutions
9701 Metropolitan Court, Ste B
Richmond, VA 23236-3690


General Services Corporation
Collections Dept
PO Box 8984
Richmond, VA 23225

```
Godwin-Jones & Price
20 South Auburn Ave
Richmond, VA 23221-2910


Granite Recovery LLC
c/o Recovery Management System
25 S.E. 2nd Ave, Suite 1120
Miami, FL 33131-1605


Great Plains Lending
2274 S. 1300 East, Suite G-15
#374
Salt Lake City, UT 84106


HCA Health Services Foundation
945 Wadsworth Dr
Richmond, VA 23236


Henrico Doctor's Hospital-Fore
PO Box 99400
Louisville, KY 40269


Henrico Doctors Hospital
c/o Bline LLC MS550
P.O. Box 91121
Seattle, WA 98111-9221


Henrico Doctors Hospital
1602 Skipwith Road
Henrico, VA 23229


Henrico Pediatrics
7605 Forest Ave, Ste 102
Henrico, VA 23229


Ic Systems Inc
Po Box 64378
St. Paul, MN 55164


Jefferson Capital Systems
PO Box 953185
Saint Louis, MO 63195-3185
```

```
London Towne
5618 Eunice Dr
Henrico, VA 23228


Lvnv Funding Llc
Po Box 740281
Houston, TX 77274


MCM
P.O. Box 60578
Los Angeles, CA 90060-0578


Michael Wayne Investments
6336 East Virginia Beach Blvd
Norfolk, VA 23502


Michael Wayne Investments
500 Central Drive, Ste 106
Virginia Beach, VA 23454


Midland Credit Mgmt In
8875 Aero Dr
San Diego, CA 92123


National Credit Adjusters
PO Box 3023
327 W 4th St
Hutchinson, KS 67504-9508


NCO Financial Systems
1804 Washington Blvd, Dept 600
Baltimore, MD 21230


Nelnet Lns
Attention: Nelnet Claims
Po Box 17460
Denver, CO 80217


NWP Services Corp
PO Box 19661
Irvine, CA 92623-9661
```

```
Oak Harbor Capital III, LLC
c/o Weinstein and Riley PS
P.O. Box 3978
Seattle, WA 98124-3978


PennCredit
P.O. Box 988
Harrisburg, PA 17108-0988


Portfolio Recovery Associates
P.O. Box 12914
Norfolk, VA 23541


Premier Bankcard/Charter
P.O. Box 2208
Vacaville, CA 95696


Quarter Mills Apartments
c/o Elizabeth Godwin Jones
20 S Auburn Avenue
Richmond, VA 23221


Radiology Associates of Rchmnd
2602 Buford Road
Richmond, VA 23235


Richmond Ambulance Authority
2400 Hermitage Road
Richmond, VA 23220


Sallie Mae Trust
c/o Sallie Mae, Inc
220 Lasley Avenue
Wilkes Barre, PA 18706


Security Check, LLC
PO Box 1530, Dept 10
Southaven, MS 38671-0016


VAC LLP t/a London Towne Apts
c/o Grogan & Associates
203 E Cary St, Ste 125
Richmond, VA 23219
```

```
Virginia Emer & Occup Phy
PO Box 247
Midlothian, VA 23113


Vzw Ne
Attn: Verizon Wireless
Po Box 3037
Bloomington, IL 61702-3037


Wach/rec
Po Box 50014
Roanoke, VA 24040


West Asset
2703 N Highway 75
Sherman, TX 75090
```